NEWBURY DISPOSAL, INC., APPELLANT, *v.* NEWBURY TOWNSHIP TRUSTEES, APPELLEE.

[Cite as Newbury Disposal, Inc., v. Newbury Twp. Trustees, 15 Ohio St. 2d 113.

(No. 41277—Decided July 3, 1968.)

*Messrs. Thrasher, Dinsmore & Dolan* and *Mr. Lawrence J. Dolan,* for appellant.

*Messrs. Bostwick & Bostwick* and *Mr. H. K. Bostwick,* for appellees.

*Per Curiam.* Section 505.12, Revised Code, provides in part:

"The board of township trustees may secure, maintain, and provide for sanitary dumps, if in its opinion, such dumps are necessary, and for such purpose the board may purchase, rent, lease, or otherwise acquire such land as is suitable for dumping purposes. * * *"

The Newbury Township Zoning Resolution of 1961, which was given judicial notice by the court below, provides in Section V, Subsection 7 that:

"The following uses shall be deemed to constitute a nuisance and shall not be permitted in any residential, business or industrial district.

"7. Dumping, storing, burying, reducing, disposing of, or burning garbage, refuse, scrap metal, rubbish, offal, or dead animals, except such as result from the normal use of premises, *unless such dumping is done at a place provided by the township trustees for such specific purpose.*" (Emphasis added.)

An examination of the 1961 resolution passed by the township trustees leads us to the conclusion that it is a zoning measure and nothing more. It *designates* an area, previously restricted solely to residential use, as a "township disposal area," and resolves that free use for dumping purposes shall be afforded township residents and further that the operation of the area as a dump shall conform strictly with rules and regulations promulgated by the county health department. It refers to Section V, Subsection 7 of the existing township zoning resolution as permitting its passage, but it does not provide for the operation of a dump, contract for the operation of a dump, or grant a franchise to appellant to operate a dump. It simply designates a particular area as a dumping area.

We are of the opinion that it is not such a resolution as is contemplated by the provisions of Section 505.12, Revised Code, and therefore cannot have any validity under the terms of that statute.

Is it, then, a resolution permissible under Section V,

Subsection 7, of the Newbury Township Zoning Resolution of 1961? We think that it is, but we also believe that it is subject to recision upon the occurrence of either or both of two events: (a) Denial of free dumping privileges to township residents by the *owners* of the property, or (b) failure to strictly comply with county health department rules and regulations by the *operators* of the disposal area. Inasmuch as it has been stipulated by appellant owner (and operator until January 8, 1966) that there were several violations of health department regulations, we believe that the 1966 recision by resolution was within the power of the township trustees.

Appellant has argued a denial of due process, claiming forfeiture of property rights without notice or hearing, but the 1966 resolution provided for 30 days notice to appellant by certified mail before that resolution became effective, and, in view of the stipulated violations of County Health Department rules and regulations, it is clear that appellant could not have been prejudiced by lack of a hearing before the board of township trustees.

Therefore, we affirm the judgment of the court below.

*Judgment affirmed.*

ZIMMERMAN, acting C. J., TROOP, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting for TAFT, C. J.