**FIELDS et al., Appellants,**

v.

**BLOOM TOWNSHIP, FAIRFIELD COUNTY, OHIO BOARD OF TOWNSHIP TRUSTEES et al., Appellees.**

[Cite as *Fields v. Bloom Twp. Bd. of Trustees,* 154 Ohio App.3d 416, 2003-Ohio-5018.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 03 CA 4.

Decided Sept. 19, 2003.

F. Toby Daniel & Associates and Frederick T. Daniel, for appellants.

Berns, Ockner & Greenberger and Benjamin J. Ockner, for appellee Sprint-Com, Inc.

Gerald L. Draper, for amicus curiae Violet.

Paul–Michael Lafayette, for appellee Bloom.

Wise, Judge.

{¶ 1} Appellants James R. and Lorraine Fields appeal from the judgment of the Fairfield County Court of Common Pleas that dismissed their complaint for injunctive relief and mandamus. The following facts give rise to this appeal.

{¶ 2} Appellants are the owners of property adjacent to property owned by Roy Laird, Trustee of the Roy A. Laird Trust. Appellees SprintCom, Inc. ("SprintCom") and SureSite Consulting Group, LLC ("SureSite") entered into an agreement, with Mr. Laird, to construct a self-supporting telecommunications tower on Mr. Laird's property. On May 21, 2001, SureSite notified appellants, by certified mail, about the construction of the proposed telecommunications tower. The letter informed appellants that they have certain rights under R.C. 519.211. Upon receipt of the letter, appellants, by letter dated June 4, 2001, requested the Bloom Township Board of Trustees to apply R.C. 519.02 to 519.25 to the location of the telecommunications tower.

{¶ 3} Thereafter, on June 8, 2001, the trustees notified SprintCom, through its agent, SureSite, that any proposed telecommunications tower would be subject to

the provisions of R.C. 519.211 and that the trustees would require the filing of an application for a conditional use permit. During the month of October 2001, SprintCom began construction of the telecommunications tower on the Laird property, without obtaining a conditional use permit or filing an application for a conditional use permit for the construction of the tower.

{¶ 4} On November 15, 2001, appellants filed their complaint for injunctive relief and mandamus. Appellants sought to enjoin SprintCom from constructing the telecommunications tower and to enforce the Bloom Township Zoning Regulations. The parties filed an agreed stipulation of facts and the matter was submitted to the trial court for decision upon the briefs. On May 16, 2002, the trial court issued its judgment denying appellants' requested relief. On December 12, 2002, the trial court dismissed appellants' complaint for injunctive relief and mandamus.

{¶ 5} Appellants timely filed a notice of appeal and set forth the following sole assignment of error for our consideration:

{¶ 6} "The trial court erred to the prejudice of appellants in denying and dismissing appellants' complaint for injunctive relief and mandamus."

I

{¶ 7} In their sole assignment of error, appellants maintain that the trial court erred when it dismissed their complaint for injunctive relief and mandamus. We disagree.

{¶ 8} Appellants set forth three arguments in support of their assignment of error. First, appellants contend that R.C. 519.211(B) confers upon township trustees the power to regulate telecommunications towers, owned or principally used by a public entity, when the telecommunications tower is proposed to be located in an area zoned for residential use. Second, appellants maintain that Section 202 of the Bloom Township Zoning Regulations does not abrogate R.C. 519.211(B). Finally, appellants maintain that the purpose and intent of Section 812 of the Bloom Township Zoning Regulations is to establish regulations and standards regarding telecommunications towers subject to township zoning, including towers proposed to be located in residential areas.

{¶ 9} In *Campanelli v. AT & T Wireless Serv., Inc.* (1999), 85 Ohio St.3d 103, 706 N.E.2d 1267, the court held that wireless telephone, radio, and paging providers are public utilities for purposes of the exemption from township zoning power. Id. at 105, 706 N.E.2d 1267. Thus, R.C. 519.211(B) is an exception to the general rule that public utilities are exempt from township zoning regulations.

{¶ 10} Appellants contend that the proposed telecommunications tower met all of the criteria set forth in R.C. 519.211(B) to subject it to township zoning

regulations and that SprintCom violated the zoning regulations by erecting the tower. We agree that SprintCom is subject to the zoning regulations, but those regulations do not apply to public utilities. The following sections of Bloom Township's Zoning Regulations support this conclusion.

{¶ 11} First, Section 202 of the zoning regulations exempts the structures of public utilities. This section provides:

{¶ 12} "202 PUBLIC UTILITIES AND RAILROADS

{¶ 13} "Such sections confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."

{¶ 14} Appellants argue that the above section does not abrogate the power conferred upon Bloom Township under R.C. 519.211(B). Instead, appellants contend that the township trustees adopted Section 202 prior to the effective date of R.C. 519.211(B) and Section 812 of the zoning regulations, which specifically addresses the placement of telecommunications towers. Appellants further maintain that, at the time the township trustees enacted Section 202, it was merely a verbatim restatement of language contained in former R.C. 519.21, which, at the time, was an accurate statement of the law that townships were not permitted to regulate public utilities.

{¶ 15} However, on March 5, 1987, the General Assembly amended R.C. 519.21 to provide that townships may regulate telecommunications towers owned or operated by public utilities in residential areas. Therefore, appellants conclude that Section 202 is no longer an accurate reflection of the law regarding the exemption of public utilities from township zoning regulations.

{¶ 16} Appellants also contend that following the Ohio Supreme Court's decision, in *Campanelli*, Bloom Township adopted Section 812, which established comprehensive and uniform regulations and standards for all telecommunications towers, including towers owned and operated by public utilities, if located in residential areas. Thus, appellants conclude that Section 812 supersedes Section 202 and that public utilities are not exempt from the zoning power conferred upon Bloom Township by R.C. 519.211(B).

{¶ 17} The pertinent portion of Section 812, for purposes of this appeal, is Section 812.1(8), which provides as follows: * * *

{¶ 18} "It is furthermore intended that Bloom Township shall apply these regulations to accomplish the following: * * *

{¶ 19} "(8) To provide the Township with as much regulatory and zoning control over the location and size of these towers and facilities which the Township deems to be non-essential services *and are not public utilities.*" (Emphasis added.)

{¶ 20} Appellants maintain that the above language exempts wireless telecommunication public utilities from zoning regulations unless the telecommunications tower is proposed to be located in a residential area of the township.

{¶ 21} In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *Featzka v. Millcraft Paper Co.* (1980), 62 Ohio St.2d 245, 247, 16 O.O.3d 280, 405 N.E.2d 264. In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished. *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 45 O.O.2d 262, 242 N.E.2d 342, paragraph one of the syllabus. In interpreting a statute, the words must be taken in their usual, normal, or customary meaning. See *State v. Cravens* (1988), 42 Ohio App.3d 69, 72, 536 N.E.2d 686; R.C. 1.42. In construing a statute, it is the duty of the court to give effect to the words used in a statute, not to insert words not used. *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus. It is based upon this standard that we review the language contained in Bloom Township's Zoning Regulations.

{¶ 22} First, Section 202 of the zoning regulations clearly provides that public utilities are exempt from regulation. Appellants argue that this section was superseded, in 1999, when the township trustees enacted Section 812. We disagree with this argument because Bloom Township's Zoning Regulations do not indicate an intent to repeal Section 202 as a result of the enactment of Section 812. Further, Section 812.1(8) specifically provides that the provisions of Chapter 812 are not applicable to public utilities. Thus, the explicit terms of Section 812 indicate the township's intent to regulate the installation of telecommunications towers that are not public utilities, including those built in the township's business district.

{¶ 23} This is evidenced by the fact that Section 812.3 of the zoning regulations specifies that telecommunications towers may be constructed in the township's business districts subject to the conditional-use-permitting procedures. However, under R.C. 519.211, a township may not regulate telecommunications towers of public utilities in business districts of townships. Therefore, Section 812 can be interpreted to apply only to telecommunications towers that are not public utilities, as townships may not regulate the placement of such towers in business districts of townships.

{¶ 24} This interpretation of Bloom Township's Zoning Regulations is not inconsistent with R.C. 519.211. As the Sixth District Court of Appeals recog-

nized in *Plain Twp. Bd. of Trustees v. Palmer* (Mar. 17, 2000), Wood App. No. WD–99–029, 2000 WL 281743, "R.C. 519.211(C) gives townships the authority to regulate public utilities, nothing in the statute requires them to do so." Id. at 4.

{¶ 25} Accordingly, we conclude that the trial court did not err when it dismissed appellants' complaint.

{¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

Judgment affirmed.

GWIN, P.J., and FARMER, J., concur.