**SUPERIOR HAULING, INC. et al., Appellants,**

v.

**ALLEN TOWNSHIP ZONING BOARD OF APPEALS et al., Appellees.**

[Cite as *Superior Hauling, Inc. v. Allen Twp. Zoning Bd.
of Appeals,* 172 Ohio App.3d 313, 2007-Ohio-3109.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–06–036.

Decided June 22, 2007.

Stephen E. Cottrell, for appellants.

Larry P. Meyer, for appellees.

SINGER, Judge.

{¶ 1} Appellants appeal a summary judgment issued by the Ottawa County Court of Common Pleas in favor of governmental entities in a zoning dispute.

Because we conclude that appellees acted beyond the scope of their authority, we reverse.

{¶ 2} Appellants David A. and Stephen F. Jensen are equal owners of appellant Superior Hauling, Inc., an interstate trucking company based on David Jensen's land in Allen Township, Ottawa County, Ohio. According to appellants' complaint, they have been doing business from this location since 1985 and have been operating a trucking business from there since March 2000. The Jensens have operated Superior Hauling at this location since May 2002.

{¶ 3} On November 25, 2002, Allen Township's zoning inspector wrote to appellant David Jensen advising him that his property was zoned "A–1 Agricultural," which limits home businesses to occupants of the home. Any other use, including a large trucking business, required a variance for which the inspector directed appellants to apply. Appellants applied for a variance for their trucking operation, but following a hearing, the variance was denied by the Allen Township Zoning Board of Appeals. On March 13, 2003, the zoning inspector sent appellants a "Notice of Violation," ordering appellants to cease trucking operations from the property at issue by April 15, 2003, or be subject to a $100 per day fine.

{¶ 4} On April 10, 2003, appellants brought the suit underlying this appeal. They sought a declaration that Superior Hauling is a public utility under Ohio law and, therefore, exempt from zoning. Appellants also asked the court to enjoin appellees [1] from requiring appellants to apply for any further zoning variances and prohibiting appellees from interfering with Superior Hauling's existing operation. The matter was eventually submitted to the trial court on appellees' motion for summary judgment and appellants' motion for partial summary judgment.

{¶ 5} For appellants, the issue was the township's authority to regulate public utilities. Appellees noted that an amended R.C. 519.211(C) now gives townships authority to regulate public utilities. Even so, appellants argued, appellees had not changed the zoning code since the legislative amendment, and therefore, appellees were without any legal authority to require a variance or bar activities.

{¶ 6} Appellees asserted that because appellants' application for a variance was denied, their remedy was limited to an administrative appeal pursuant to R.C. Chapter 2505. According to appellees, when appellants failed to pursue their administrative appeal within the 30 days allotted by R.C. 2505.07, their only recourse was through a Civ.R. 60(B) motion to vacate. Collateral attack of the decision was improper, appellees insisted.

---

1. Appellees are the Allen Township Zoning Board of Appeals, Zoning Inspector Gary E. Knapp, and the Allen Township Board of Trustees.

{¶ 7} When the trial court denied appellants' motion for partial summary judgment and granted appellees', appellants brought this appeal. Appellants set forth the following two assignments of error:

{¶ 8} "I. The Trial Court erred in granting the summary judgment for Defendants and in denying Plaintiffs' partial summary judgment.

{¶ 9} "II. Injunction is the proper remedy to prevent a township from exerting zoning dominion over an entity that is specifically exempt from its zoning ordinance."

{¶ 10} We shall discuss these assignments of error together.

{¶ 11} Civ.R. 56(C) provides that summary judgment may be granted only if (1) no genuine issue of material fact remains to be litigated, (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 12} The parties seem to agree that as a regulated common carrier trucking company, Superior Hauling, Inc. is a public utility. See *Plain Twp. Trustees v. Kania* (Feb. 13, 1998), 6th Dist. No. WD–97–020, 1998 WL 78789, applying *A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees* (1992), 64 Ohio St.3d 385, 596 N.E.2d 423.

{¶ 13} Prior to 1998, subject to certain exceptions, the township zoning enabling statutes, R.C. 519.02 to 519.25, expressly, "confer[ed] no power on any board of township trustees or board of zoning appeals in respect to * * * the use of the land by any public utility or railroad, for the operation of its business." R.C. 519.211(A). Am.Sub.H.B. No. 210, 147 Ohio Laws, Part I, 691, 699. Allen Township's zoning code, apparently enacted before 1998, contained parallel language:

{¶ 14} "13. [R.C. 519.02 to 519.25] confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use or enlargement of any buildings or structures of any public utility or railroad, for the operation of its business." Allen Twp. Zoning Code, Section 13.

{¶ 15} In 1998, the legislature amended R.C. 519.211, adding the following exception:

{¶ 16} "(C) [R.C. 519.02 to 519.25] confer power on a board of township trustees or board of zoning appeals with respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of a public utility engaged in the

business of transporting persons or property, or both, or providing or furnishing such transportation service, over any public street, road, or highway in this state, and with respect to the use of land by any such public utility for the operation of its business, to the extent that any exercise of such power is reasonable * * *." Am.Sub.S.B. No. 132, 147 Ohio Laws, Part IV, 7882, 7887.

{¶ 17} On June 21, 2003, after appellants instituted their suit, Allen Township amended its code to make it coextensive with the state statutes.

{¶ 18} A township's authority to enact zoning ordinances is not inherent, and nor is it constitutionally derived. It is a police power dependent upon on authority granted by the General Assembly, *Torok v. Jones* (1983), 5 Ohio St.3d 31, 32, 5 OBR 90, 448 N.E.2d 819, and may be exercised only to the extent power is statutorily delegated. *Bd. of Twp. Trustees of Bainbridge Twp. v. Funtime, Inc.* (1990), 55 Ohio St.3d 106, 563 N.E.2d 717, paragraph one of the syllabus; *Cole v. Bd. of Zoning Appeals for Marion Twp.* (1973), 39 Ohio App.2d 177, 181, 68 O.O.2d 363, 317 N.E.2d 65; *North Fork Properties v. Bath Twp.*, 9th Dist. No. 21597, 2004-Ohio-116, 2004 WL 57564, ¶ 12. A township regulation or rule that exceeds statutory limits is invalid and unenforceable. Id., ¶ 15; *Funtime* at paragraph two of the syllabus; *Newbury Twp. Bd. of Trustees v. Lomak Petroleum* (1992), 62 Ohio St.3d 387, 583 N.E.2d 302, paragraph two of the syllabus. Thus, when R.C. 519.211 expressly denied the township's authority to zone the use of public-utility properties, any township zoning ordinance that attempted to do so was a nullity.

{¶ 19} The enabling statutes found in R.C. Chapter 519 are permissive only. Nothing requires a township to enact zoning regulation. See R.C. 519.02. Indeed, a township may not enact zoning without an initial zoning resolution from the trustees, R.C. 519.10, and a majority vote of the electorate. R.C. 519.11. Once a zoning plan is approved, it may be amended only through specific statutorily circumscribed methods. R.C. 519.12. For a zoning provision to be enforceable, it must be both within the boundaries of the enabling statutes and be properly enacted by the township.

{¶ 20} Until 1998, there was no question that any zoning measures applied to property used by a public utility were ultra vires of the powers statutorily granted to the township and, therefore, a nullity. See *Newbury Disposal, Inc. v. Newbury Twp. Trustees* (1968), 15 Ohio St.2d 113, 115, 44 O.O.2d 83, 238 N.E.2d 779. After 1998, such regulation was permitted. Allen Township, however, did not amend its zoning plan to reflect this change until after the time relevant to this appeal. Until then, Section 13 of the Allen Twp. Zoning Code recited only that it was statutorily forbidden to regulate public-utility property use. Appellees' argument that the legislative amendment of R.C. 519.211 automatically

amended the local zoning code is unpersuasive. See *Plain Twp. Bd. of Trustees v. Palmer* (Mar. 17, 2000), 6th Dist No. WD–99–029, 2000 WL 281743. It would seem that even appellees recognize this, as they amended the code shortly after this suit was instituted.

{¶ 21} According to appellees, however, none of this is material. Appellants applied for a variance. The variance was administratively denied. Appellants did not appeal the administrative denial of their application in the 30 days within which such an appeal must be brought. When this occurs, appellees insist, any nonjurisdictional defect becomes immune from collateral attack. This is the ground upon which the trial court relied when it determined that appellees were entitled to judgment as a matter of law.

{¶ 22} This result would certainly be valid if the suit underlying this appeal were an appeal from an administrative denial of a variance. See *Holiday Homes, Inc. v. Butler Co. Bd. of Zoning Appeals* (1987), 35 Ohio App.3d 161, 167–168, 520 N.E.2d 605. Appellants, however, maintain that this is not an appeal, but rather a challenge to the authority of the appellees to regulate, in any manner, property held for public-utility use. According to appellants, a suit for a declaration of their rights under the zoning code, coupled with a plea to enjoin appellees from interfering with those rights, is the proper manner within which to bring such a challenge. In support of this proposition, appellants point to *Fields v. Bloom Twp.*, 154 Ohio App.3d 416, 2003-Ohio-5018, 797 N.E.2d 555, in which equitable relief was sought in similar circumstances. Appellees distinguish *Fields*, noting that there, the party seeking relief had never availed itself of the administrative process.

{¶ 23} Although not employing the exact language, appellants' assertion that appellees were wholly without the authority to regulate appellants' property use is an assertion that appellees were devoid of subject-matter jurisdiction. Because subject-matter jurisdiction goes to the power of an entity to entertain the merits of a case, it can never be waived and may be challenged at any time. *Pratts v. Hurley*, 102 Ohio St.3d 81, 83, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Absent subject-matter jurisdiction, any determination by an adjudicative body is void. Id.

{¶ 24} Subject-matter jurisdiction is the power of an administrative body over a type of case. Id. Without such jurisdiction, the body lacks the authority to do anything but announce its lack of jurisdiction. Id., ¶ 21, citing *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210.

{¶ 25} *Pratts* involved the question of whether, in a capital criminal case, a court of common pleas lacked subject-matter jurisdiction to accept a plea without

convening a three-judge panel as statutorily mandated. *Pratts* observed that the common pleas court has original jurisdiction over crimes and offenses committed by an adult. The source of that authority is Section 4(B), Article IV of the Ohio Constitution and R.C. 2931.03. Id., ¶ 13.

{¶ 26} As we have already noted, the sole source of the authority for township zoning is R.C. Chapter 519. The powers of a board of zoning appeals are delineated in R.C. 519.14, which provides:

{¶ 27} "The township board of zoning appeals may:

{¶ 28} "(A) Hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of sections 519.02 to 519.25 of the Revised Code, or of any resolution adopted pursuant thereto;

{¶ 29} "(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;

{¶ 30} "(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution. * * *

{¶ 31} "(D) Revoke an authorized variance or conditional zoning certificate granted for the extraction of minerals, if any condition of the variance or certificate is violated."

{¶ 32} In this matter, the act of the zoning inspector in coercing appellants' application for a variance was not mere error, but a usurpation of authority beyond that provided by law. The role of the board of appeals should have been to recognize that such authority did not exist and dismiss the case. Had it done so, there would not now be any argument as to the effect of the denial of the application for a variance. As it stands, we must conclude that both the inspector and the appeals board acted beyond their authority and that those acts are subject to collateral attack. Accordingly, both of appellants' assignments of error are well taken.

{¶ 33} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed. This matter is remanded to that court for further consideration in conformity with this decision.

Judgment reversed.

HANDWORK and SKOW, JJ., concur.