[Cite as *Kratzer v. Westfield Twp.*, 2016-Ohio-3378.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

TIMOTHY L. KRATZER, et al.                  C.A. No.          14CA0069-M

     Appellants/Cross-Appellees

     v.                                                   APPEAL FROM JUDGMENT
                                                               ENTERED IN THE
WESTFIELD TOWNSHIP                            COURT OF COMMON PLEAS
                                                               COUNTY OF MEDINA, OHIO
     Appellee/Cross-Appellant            CASE No.      14CIV0173

DECISION AND JOURNAL ENTRY

Dated: June 13, 2016

---

MOORE, Judge.

{¶1}   Timothy and Linda Kratzer appeal from the decision of the trial court, reversing the decision of the Westfield Township Board of Zoning Appeals ("the Board"), and remanding the matter for further proceedings. We affirm the decision of the trial court.

I.

{¶2}   The Kratzers own real property on Greenwich Road in Westfield Township, Ohio. The property is partly zoned for local commercial use, and primarily zoned for rural residential use. It is adjacent to a freeway interchange. The Kratzers had used their land for farming, but had suffered losses on the business. They then began a series of attempts to permit the land to be used for larger scale business uses, which failed. Thereafter, in 2013, the Kratzers filed an application for a zoning use variance. The Board held public hearings on the Kratzers' application. At the commencement of the first hearing, Mr. Kratzer spoke regarding his demand that the Chairman of the Board, Michael Schmidt, and a Board member, Kevin Daugherty,

recuse themselves from involvement in deciding the Kratzers' application because they had publicly opposed a previous attempt by the Kratzers to use their land in accordance with the use requested in the present application. Mr. Schmidt and Mr. Daugherty declined to recuse themselves.

{¶3} During the hearings on their application, the Kratzers presented witnesses who testified that the permitted uses on their property were not economically feasible, and that larger scale business use would be an economically feasible option. Thereafter, the public provided testimony. The Kratzers' counsel, the Board, and the public were permitted to ask questions of the witnesses.

{¶4} After deliberating, the Board denied the application in a three-to-two vote, with Mr. Schmidt and Mr. Daugherty both voting to deny the application. Thereafter, the Kratzers filed an administrative appeal, naming the Township as administrative appellee, in the trial court. In their notice of administrative appeal, the Kratzers alleged that the decision of the Board was "unconstitutional, illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable and probative evidence[.]" In their brief before the trial court, the Kratzers assigned as error that "[t]he [Board] erred because its decision denying [the Kratzers'] use variance is arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable and probative evidence on the whole record."

{¶5} The trial court determined that the bias of Mr. Schmidt and Mr. Daugherty resulted in an unfair hearing, depriving the Kratzers of their due process rights. The court remanded the matter to the Board for further proceedings before the Board without the involvement of Mr. Schmidt and Mr. Daugherty. The Kratzers filed an appeal from the trial

court's decision, and the Township filed a cross-appeal. The parties each have assigned one error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

### THE KRATZERS' ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REMANDING THE CASE TO THE [BOARD] FOR A NEW ADMINISTRATIVE HEARING WHEN [THE KRATZERS] DID NOT RAISE AS AN ASSIGNMENT OF ERROR ANY CONSTITUTIONAL ARGUMENT – E.G. , A PROCEDURAL DUE PROCESS CLAIM – AND DID NOT REQUEST OR SEEK A REMAND TO THE [BOARD] FOR A NEW ADMINISTRATIVE HEARING BUT INSTEAD, RAISED THE ISSUE OF BIAS OF TWO [BOARD] MEMBERS, AS ONE OF SEVERAL ARGUMENTS TO SUPPORT THE KRATZERS' POSITION THAT THE [BOARD'S] DECISION SHOULD BE REVERSED AND THE VARIANCE GRANTED UNDER THE STANDARD SET FORTH IN R.C. 2506.04 BECAUSE THE [BOARD]'S DECISION AS SET FORTH IN ITS WRITTEN "NOTICE OF DECISION" AND "CONCLUSIONS OF FACT" IS UNSUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD AND, THEREFORE, ARBITRARY, CAPRICIOUS AND UNREASONABLE.

### THE TOWNSHIP'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT FAILED TO RULE THE [BOARD] LACKED AUTHORITY TO GRANT THE REQUESTED VARIANCE BECAUSE IT WAS A REQUEST FOR A LEGISLATIVE REZONING.

**{¶6}** In their assignment of error, the Kratzers maintain that the trial court erred in deciding this matter on a constitutional error where that was not raised in their assignment of error presented to the trial court and where the decision of the Board could have been reversed on non-constitutional grounds. In the Township's assignment of error, it argues that the trial court should have determined that the use variance essentially amounted to rezoning, and thus the trial court should have affirmed the decision of the Board denying the use variance on this basis. The Township characterizes this as a "threshold" question pertaining to the "subject

matter jurisdiction" of the Board that the trial court should have reached prior to considering the bias of the Board members.

{¶7} This appeal involves an administrative appeal pursuant to R.C. 2506.01, et seq. "R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions, such as township zoning boards." *Stace Dev., Inc. v. Wellington Twp. Bd. of Zoning Appeals*, 9th Dist. Lorain No. 04CA008619, 2005-Ohio-4798, ¶ 6. *See, e.g., Earth 'N Wood Prods., Inc. v. City of Akron Bd. of Zoning Appeals*, 9th Dist. Summit No. 21279, 2003-Ohio-1801, ¶ 8. "Under R.C. 2506.01, a party may appeal a local agency's final administrative decision to the applicable court of common pleas." *Stace* at ¶ 7. "Then, R.C. 2506.04 empowers the court of common pleas to act with certain, limited appellate authority as to the challenged administrative decision." *Id*. *See Summit Cty. Bd. of Health v. Pearson*, 9th Dist. Summit No. 22194, 2005-Ohio-2964, ¶ 7. "Under this construct, the common pleas court may act on particular errors; those which it finds to be: '[1.] unconstitutional, [2.] illegal, [3.] arbitrary, [3.] capricious, [4.] unreasonable, or [5.] unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.'" *Stace* at ¶ 7, quoting R.C. 2506.04.

{¶8} "Under R.C. 2506.04, a party may appeal to this Court only as to 'questions of law' arising from the common pleas court's R.C. 2506.04 review of the agency's decision." *Stace* at ¶ 6. *See Cabassa v. Elyria Twp.*, 9th Dist. Lorain No. 04CA008519, 2005-Ohio-713, ¶ 6. "This Court reviews questions of law de novo." *Stace* at ¶ 6, citing *Maumee v. Public Util. Comm.*, 101 Ohio St.3d 54, 2004-Ohio-7, ¶ 3.

{¶9} Here, the Kratzers filed an administrative appeal in the trial court. In their trial court brief, the Kratzers maintained that the Board's decision should be reversed because the

evidence submitted at the hearing established that their request for a variance should have been granted. The Township responded that the request would have amounted to legislative rezoning.

{¶10} "A sound distinction exists in law between the act of zoning, or rezoning, and the act of granting or refusing a variance. The former constitutes a legislative act and the exercise of a broad legislative discretion in adopting an ordinance or law. The latter constitutes an administrative or quasi-judicial act in applying the provisions of an existing ordinance or law and, in such application, the exercise of a discretion limited by the provisions of such legislation including such standards as are set forth therein." (Internal citations omitted.) *State ex rel. Humble Oil & Refining Co. v. City of Marion*, 4 Ohio App.2d 178, 180 (3d Dist.1965). The legislature may vest an agency with authority to grant a variance, but the enabling legislation "must set forth standards to be applied by the administrative agency." *Standard Oil Co. v. City of Warrensville Heights*, 48 Ohio App.2d 1, 15 (8th Dist.1976). R.C. 519.14(B) and Westfield Township Zoning Resolution (hereinafter "Loc.Resolution") 906(A) permit the Board to grant variances:

> The [Board] may * * * [a]uthorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.]

{¶11} With respect to use variances, Loc.Resolution 906(C) provides:

> Where the appeal requests a use variance, that is, a variance for the approval of a use which is not permitted in the district, then the following standards shall be considered and weighed in determining whether the grant of a variance is warranted to afford relief of an unnecessary hardship.
>
> 1. Whether uses permitted in the district may be reasonably established on the property and whether they are economically viable on the property in question without the variance;
>
> 2. Whether the variance is the minimum variance which will afford relief to the property owner;

3. Whether the essential character of the neighborhood will be substantially altered or adjoining properties will suffer interference with their proper future development and rights as a result of the variance;

4. Whether the property in question has unique or exceptional circumstances or conditions that do not generally apply to other properties in the vicinity and within the same district;

5. Whether the hardship condition was created by actions of the applicant;

6. Whether the spirit and intent of the Zoning Code will be observed and substantial justice done by granting the variance;

7. Whether the use requested is similar in impact to the permitted uses in the subject district;

8. Whether the subject property is adequate to meet the needs and requirements of the proposed use.

**{¶12}** It is well within the Board's authority to determine whether to grant a variance in accordance with these standards, and such a determination is dependent on the facts of each case. *See* R.C. 519.14, Loc.Resolution 906(A), and Loc.Resolution 906(C). Accordingly, the issue of whether the variance should properly issue in this case was not an issue of "subject matter jurisdiction." *Drackett v. Danbury Twp. Zoning Bd. of Appeals*, 6th Dist. Ottawa Nos. OT-09-022, OT-10-014, 2010-Ohio-6506, ¶ 53 ("The filing of the application [for a variance] gave the board of zoning appeals subject matter jurisdiction to determine whether or not to grant a variance.") *Compare Drackett with Superior Hauling, Inc. v. Allen Twp. Zoning Bd. of Appeals*, 172 Ohio App.3d 313, 2007-Ohio-3109, ¶ 18, 32 (6th Dist.) (where former statute and local ordinance had "expressly denied the township's authority to zone the use of public-utility properties," zoning inspector's requirement that public utility obtain a variance, and the board's denial of variance, exceeded the statutory authority and were subject to collateral attack). Accordingly, to the extent that the Township argues otherwise in its cross-appeal, its assignment of error is overruled.

**{¶13}** In deciding the Kratzers' administrative appeal, the trial court did not reach the issue of whether the evidence supported the factors that would permit a variance to issue. Instead, it concluded that the Kratzers received an unfair hearing due to the bias of Mr. Schmidt and Mr. Daugherty, and it remanded the matter for a new hearing before the Board without the involvement of Mr. Schmidt and Mr. Daugherty.

**{¶14}** On appeal to this Court, the Kratzers argue that because they did not specifically allege in their assignment of error or merit brief before the trial court that the Board's decision was "unconstitutional" or "illegal[,]" the trial court erred in resolving the appeal by finding that they were denied their due process rights and remanding the matter.

**{¶15}** However, our review of the record indicates that the Kratzers clearly raised the argument relied upon by the trial court in support of their very broad assignment of error below. The Kratzers dedicated five pages in their "Statement of Relevant Facts" to a discussion of the purported bias of Board Members Schmidt and Daugherty. Later, within the "Law & Argument" section of their trial court brief, under the subheading "An Administrative Entity's Decision Must Be Supported by Direct Evidence[,]" the Kratzers maintain that quasi-judicial proceedings are subject to "due process[,]" and they cited *Gibralter Mausoleum Corp. v. City of Cincinnati*, 1 Ohio App.3d 107, 109-110 (1st Dist.1981) for the proposition that "[t]he essence of due process dictates, at the very least, that an individual have an opportunity to be heard and to defend, enforce and protect his rights before an administrative body in an orderly proceeding." At the end of this subsection, the Kratzers maintain that "[i]n the case at bar, the record clearly shows that the [Board] ignored the direct evidence presented by [the Kratzers] and their expert witnesses and, instead, apparently based its decision upon the speculative comments of Township residents who had no connection to the Property and the two [Board] members['] own

speculative and biased comments since there are no facts to support its decision." Then, as a subheading to their assignment of error, the Kratzers maintained that "[t]he [Board's] decision to deny [the Kratzers'] use variance is arbitrary, capricious, and unreasonable as evidenced by the bias of two of its members, and, therefore, should be reversed and the variance granted[,]" after which the Kratzers provided two pages of argument regarding purported bias on the parts of Board members Schmidt and Daugherty. The Kratzers concluded their argument in support of their assignment of error in the trial court brief by stating:

> Based on the foregoing, the actions of [the Board] Chairman Schmidt and [Board m]ember Daugherty serve as an additional basis for this [c]ourt to reverse the decision of the [Board] as being arbitrary, capricious, and unreasonable under the standard set forth in R.C. 2506.04 and to order the granting of the variance.

{¶16} Therefore, although the assignment of error in their trial court brief did not specifically state that they were presenting a constitutional challenge, the Kratzers clearly raised the issue of bias (and they concede as much in their assignment of error to this Court).

{¶17} The Township responded to this argument in its brief in the trial court, maintaining that the record failed to reflect an unfair hearing in violation of the Kratzers' due process rights, and dedicating nearly three pages of its brief to arguing Members Schmidt and Daugherty impartially applied the law and did not violate the Kratzers' due process rights.

{¶18} In their reply, the Kratzers made no indication that they were not challenging the denial of their due process rights on the basis of bias, but instead provided an additional two pages of argument concerning the bias of the members.

{¶19} Accordingly, the issue of the bias of Mr. Schmidt and Mr. Daugherty was fully briefed before the trial court. Although the Kratzers' stated assignment of error before the trial court did not specifically indicate that the Board's decision was "unconstitutional" or "illegal[,]"

they have pointed to no authority binding a trial court to the specific language of an assignment of error in deciding an administrative appeal. *See* App.R. 16(A)(7).

**{¶20}** Furthermore, the parties maintain that courts should decide constitutional questions only when "absolutely necessary." *Citing State ex rel. Debrosse v. Cool*, 87 Ohio St.3d 1,7, 1999-Ohio-239. The Kratzers argue that, here, it was unnecessary for the trial court to reach the issue of bias because the Board's decision was not supported by the evidence, while the Township argues that the evidence was inadequate to establish the necessary criteria for granting a variance.

**{¶21}** Assuming, without deciding, that the principle that courts will not decide constitutional questions unless absolutely necessary would apply in this case, and further assuming, without deciding, that it would amount to error for the trial court to fail to follow this principle, it appears from the trial court's order that it found that addressing this error *was necessary*. The trial court's order appears to indicate that the bias of Mr. Schmidt and Mr. Daugherty was so extensive that it skewed the proceedings before the Board to such a degree that this matter could not properly be reviewed on its merits:

> Upon review of the transcript of the proceedings before the [Board], [Mr.] Schmidt and [Mr.] Daugherty took the most active roles in the proceedings out of the five [Board] members. Both [Mr.] Schmidt and [Mr.] Daugherty extensively cross-examined Mr. Kratzer and his expert witnesses. At times, the [Board] appeared to have views in opposition to witness testimony and the questioning then crossed over into a situation where [the Board] members were essentially testifying themselves. The [c]ourt understands that proceedings before the [Board] are quasi-judicial in nature, and therefore not subject to the same formalities of a court proceeding, but the extensive cross-examination and at times presentation of testimony by [Mr.] Schmidt and [Mr.] Daugherty, combined with the aforementioned public opposition to the previous rezoning of this property, tends to establish that the [Kratzers] did not get a fair hearing in front of an impartial tribunal.

In addition, the trial court concluded that Mr. Schmidt permitted members of the public to cross-examine Mr. Kratzer and his witnesses, and during this cross-examination, Mr. Schmidt permitted the public to interject their "subjective and unsubstantiated opinions."

{¶22} Accordingly, even assuming the accuracy of the parties' premise that a trial court errs as a matter of law by deciding a constitutional issue where it is unnecessary, we cannot say that the trial court erred in determining it necessary to consider the issue of bias, insofar as it pertains to whether the Kratzers received a fair hearing, under the circumstances present here. *See Stace*, 2005-Ohio-4798, at ¶ 6 (trial court's ruling on an administrative appeal filed under R.C. Chapter 2506 can be appealed to this court on questions of law). Although the parties appear to agree that no more evidence is needed in order to determine whether the variance should or should not have been granted, the trial court did not remand for the purpose of taking of additional evidence. It remanded the matter for a *new* hearing. Because this new hearing would supply the relevant information for application of the factors in Loc.Resolution 906(C), we cannot say the trial court erred to the extent that it did not resolve the ultimate issue of whether a variance should be granted.

{¶23} In addition, based upon the extent of the Kratzers' arguments below pertaining to the bias of Mr. Schmidt and Mr. Daugherty, we conclude that, if there were any error on the part of the trial court in deciding the administrative appeal on the basis of the purported bias of the Board members, it was invited by the Kratzers. *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus (The invited error doctrine precludes a party from "tak[ing] advantage of an error which he himself invited or induced the trial court to make."). Having directed the court to consider the bias of the Board members, the Kratzers cannot now complain that the trial court erred by proceeding in this manner.

**{¶24}** Lastly, we note that, although the parties challenge the trial court's decision to remand this matter to the Board, it is well within the province of the trial court in an administrative appeal to remand the matter to the administrative agency. *See* R.C. 2506.04 (common pleas court may affirm, reverse, vacate, or modify the agency's decision "or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court"); *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, ¶ 8-12; *see also Stace*, 2005-Ohio-4798 at ¶ 5, 17-18 (authority to remand includes right to conduct a new hearing).

**{¶25}** Accordingly, the parties' assignments of error are overruled.

III.

**{¶26}** The Kratzers' assignment of error is overruled. The Township's assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
CONCURS.

SCHAFER, J.
DISSENTING.

{¶27} I would sustain the Kratzers' assignment of error because, in my view, the Kratzers did not raise a procedural due process violation in their administrative appeal. Additionally, I would decline to address the Township's assignment of error since it is not yet ripe for review. Consequently, I respectfully dissent from the majority's resolution of both assignments of error.

### A. The Kratzers Did Not Raise Procedural Due Process in the Trial Court

{¶28} It is axiomatic that "[c]ourts decide constitutional issues only when *absolutely necessary*." (Emphasis added.) *State ex rel. DeBrosse v. Cool*, 87 Ohio St.3d 1, 7 (1999). As a result, this Court has consistently determined that if a party does not assert a constitutional violation, including one that implicates due process, then the purported violation is forfeited. *E.g.*, *State v. Davis*, 9th Dist. Lorain No. 14CA010639, 2015-Ohio-4218, ¶ 23. I see no reason to depart from these maxims in this matter.

{¶29} I disagree with the majority's conclusion that "the Kratzers clearly raised the [bias/due process] argument relied upon by the trial court in support of their very broad assignment of error below." Majority Opinion at ¶ 15. The Kratzers' filed a merit brief with the

trial court asserting one assignment of error: "The BZA erred because its decision denying [their] use variance is arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." I note that neither "unconstitutional" nor "due process violation" appears in the language of the assignment of error. The brief then delves into the evidence offered by the parties at the administrative hearing and the Kratzers' conclusion that "[t]he lack of evidentiary support for the Decision is striking." From this formulation, it is apparent to me that the Kratzers only presented one basis for the reversal of the BZA's decision: the lack of evidence in the record to support a denial of their variance request.

{¶30} This view is further confirmed when one considers the sections of the Kratzers' merit brief that refer to "due process." In regard to due process, the Kratzers argued as follows:

> A quasi-judicial proceeding must afford an individual "due process" of law. * * * Consequently, an administrative board's decision must be supported by direct evidence and not subjective comments or unsubstantiated public opinion presented at the hearing. * * * Oral arguments at hearings are not evidence upon which to base a decision.

This language demonstrates that the Kratzers only cited the concept of due process to point out to the trial court that it could not consider "subjective comments or unsubstantiated public opinion" when considering their evidentiary challenge to the BZA's decision. It was not offered for the purpose of arguing that there was procedural unfairness in the administrative hearing process.

{¶31} The same goes for the Kratzers' references in their merit brief to the "bias" of two BZA members. The majority ascribes paramount importance to these references, pointing out that "the Kratzers provided two pages of argument regarding purported bias on the parts of [the BZA members]." Majority Opinion at ¶ 15. In my view, it is more appropriate to put paramount importance on the following statement that the Kratzers included before putting forth the two

pages of argument: "This argument is made to demonstrate a basis for the BZA's Decision *not being supported by the evidence in the record*." (Emphasis added.) The trial court had an obligation to read the two pages of discussions regarding bias within the context of this critical limitation. And, on appeal, we should give effect to these words by finding that the "bias" argument was not offered for the purpose of asserting a procedural due process violation, but to show that the "no" votes of Mr. Schmidt and Mr. Daugherty were arbitrary, unreasonable, and capricious.

**{¶32}** Based on the language contained within the Kratzers' merit brief, I believe that it is far from clear that the Kratzers raised the issue of a procedural due process violation. In fact, I would find that they never asserted that the BZA's decision should be vacated because there was a procedural due process violation during the administrative hearings. Consequently, I would find that by sua sponte vacating the BZA's decision on an unraised constitutional issue, the trial court erred. Accordingly, I would sustain the Kratzers' assignment of error and remand this matter to the trial court for it to decide whether the record contains a preponderance of substantial evidence showing that the BZA should have granted their variance request.

**{¶33}** Finally, I note that Township confessed error regarding the trial court's reliance on a procedural due process violation when deciding to vacate the BZA's decision and remand the matter for further administrative proceedings. Based on the Township's concession and the arguments asserted in the trial court, I cannot approve of the trial court's avoidance of those arguments. Instead of affirming that avoidance, I believe that we should instruct the trial court to do what the parties requested it to do – consider the record and make a determination based on the arguments actually advanced before it.

## B. The Legislative Rezoning Issue Is Not Yet Ripe for Review

{¶34} Because the trial court exclusively focused on the unraised issue of a procedural due process violation, it never reached the Township's argument that the Kratzers' variance request constituted an impermissible legislative rezoning. Therefore, the Township's assignment of error challenges aspects of the trial court's judgment that flowed from its erroneous determination to sua sponte vacate the BZA's decision on the basis of an unraised constitutional violation. Since I would sustain the Kratzers' assignment of error and remand the matter, I would conclude that consideration of the Township's assignment of error is premature and decline to address its merits.

{¶35} In conclusion, I would sustain the Kratzers' assignment of error and decline to address the Township's assignment of error since it is not yet ripe for appellate review. As a result, I respectfully dissent from the majority's conclusion to the contrary.

APPEARANCES:

R. TODD HUNT and AIMEE W. LANE, Attorneys at Law, for Appellants.

S. FORREST THOMPSON, Attorney at Law, for Appellants.

WILLIAM L. THORNE and MICHAEL K. LYONS, Attorneys at Law, for Appellee.