Mac Realty, Inc., Appellee, *v.* Commercial Industrial
Enterprises, Inc., et al., Appellants, et al.

[Cite as Mac Realty, Inc., v. Commercial Indus. Enterprises,
Inc., 10 Ohio St. 2d 227.]

(No. 40210—Decided May 31, 1967.)

228

*Messrs. Green, Schiavoni, Murphy & Stevens* and *Mr. Paul E. Stevens,* for appellee.

*Messrs. Nadler & Nadler, Mr. Murray A. Nadler, Mr. Ronald G. Galip* and *Mr. Virgil M. McGuffin, Jr.,* for appellants.

MATTHIAS, J. The single question raised by this appeal is whether the failure of the Board of Township Trustees to unanimously deny or modify a recommendation of the zoning commission constitutes an adoption of the proposed zoning change under the provisions of Section 519.12, Revised Code.

Section 519.12, Revised Code, provides that the township trustees act on such recommendation within 20 days after the public hearing thereon and a unanimous vote is required to deny or modify such recommendation.

There is no question in the instant case that the board took action on the recommendation within the 20-day period. When a matter is put to a vote by a legislative body, such body has acted thereon irrespective of the outcome of such vote. After the public hearing the board put the issue to a vote with two of the members voting to deny the recommendation while the third member voted to adopt it. The township trustees

acted, the result of such action being a split vote, the majority voting to deny the recommendation. Under the statute a majority vote is insufficient; a unanimous vote is required to deny or modify and a failure to deny the recommendation by a unanimous vote results in an adoption of the recommendation. The fact that this is not spelled out in the statute is of no consequence. The General Assembly created the conditions upon which a recommendation of the zoning commission could be denied; the failure to comply with such conditions does not leave the recommendation in a state of suspended animation but constitutes an adoption thereof. To hold otherwise would permit the township trustees, in effect, to deny a recommendation of the zoning commission without the unanimous vote required by the statute.

The approval of an issue by less than a majority vote is not unknown in the law.

An analogous situation is created by Section 2 of Article IV of the Ohio Constitution in relation to the determination of the constitutionality of a statute by this court. Under the provisions of such section, in an appeal from the Court of Appeals six judges must concur to hold unconstitutional a statute held constitutional by the Court of Appeals. Thus, the vote of two judges can result in the affirmance of the decision of the Court of Appeals holding a statute to be constitutional.

Therefore, the effect of the provisions of Section 519.12, Revised Code, is that the failure of the Board of Township Trustees to vote unanimously to deny a recommendation of the Township Zoning Commission results in an adoption of such recommendation. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, HERBERT, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., dissents.