OPINION
{¶ 1} On November 16, 2004, appellee, Ohioans for Responsible Rural Development, Inc., filed a complaint against the Liberty Township Board of Trustees, Billy Phillips, Zoning Inspector for Liberty Township, and appellants, Richard and Dorothy Roshon, property owners in Liberty Township. Appellee sought declaratory and injunctive relief to declare a zoning reclassification from land and agricultural residential (hereinafter "RR") to planned unit development (hereinafter "PUD") on about 102 acres owned by appellants null and void. Appellee further sought to enjoin the implementation of the subdivision process pending before the Fairfield County Regional Planning Commission.
 {¶ 2} A hearing before the trial court was held on January 24, 2005. By judgment entry filed May 31, 2005, the trial court declared the planned unit development null and void and permanently enjoined its implementation.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DECLARATORY AND INJUNCTIVE RELIEF IN FAVOR OF ORRD AND IN DECLARING THE ROSHON PUD NULL AND VOID."
 I {¶ 5} Appellants claim the trial court erred in granting declaratory and injunctive relief to appellee. The assignment raises five issues. Two of the issues are dispositive of the case and therefore we will address only these two issues.
 {¶ 6} Appellants claim the original action or non-action of the Liberty Township Board of Trustees was not null and void. We concur with this argument for the following reasons.
 {¶ 7} The Board's record indicates the issue of appellants' PUD was removed from the table by unanimous vote. Trustee Ivan Ety moved to amend the PUD. There was no second on the motion, and the roll call to amend was unanimously "yes." The roll call on the motion as amended was two "yes" to one "no." See, May 17, 2004 Liberty Township Board of Trustee Minutes, Plaintiff's Exhibit 3.
 {¶ 8} Section 9.0922 of the Liberty Township Zoning Resolution (Plaintiff's Exhibit 4) controls and states as follows:
 {¶ 9} "After the public hearing, the Board of Trustees shall either approve, approve with supplementary conditions, or disprove the application as submitted. If the application is approved as submitted or approved with conditions, the Board of Trustees shall direct the zoning inspector to issue zoning permits in accordance with the approved plan and any conditions thereto attached. The final development plan shall further be considered as an integral part of the rezoning amendment, and no change from or substantive alteration in such planned unit development shall be permitted without repetition of the procedures in these sections.
 {¶ 10} "In the event that the Board of Trustees deny or substantively modify the final development plan as recommended by the Zoning Commission, any resulting final development plan for said planned unit development shall not be effective unless passed or approved unanimously by the Board of Trustees."
 {¶ 11} Because the amendment lacked a second, the vote to amend the PUD was void. See, Robert's Rules of Order, Section 4. Therefore, the only motion before the Board was the untabled motion to approve the PUD as presented to the Board. No action was taken on this motion.
 {¶ 12} The clear case law of Ohio mandates that no action passes a PUD motion by operation of law:
 {¶ 13} "1. When a matter is put to a vote by a legislative body, such body has acted thereon irrespective of the outcome of such vote.
 {¶ 14} "2. The effect of the provisions of Section 519.12, Revised Code, is that the failure of the Board of Township Trustees to vote unanimously to deny a recommendation of the Township Zoning Commission results in an adoption of such recommendation." Mac Realty, Inc. v. Commercial Indus.Enterprises, Inc. (1967), 10 Ohio St.2d 227, syllabus.
 {¶ 15} R.C. 519.12 governs amendments to zoning resolution. Subsection (H) states the following:
 {¶ 16} "Within twenty days after such public hearing, the board shall either adopt or deny the recommendations of the zoning commission or adopt some modification of them. If the board denies or modifies the recommendation of the township zoning commission, the unanimous vote of the board shall be required."
 {¶ 17} We find the long standing precedent set forth in MacRealty should not be overturned. R.C. 519.12 speaks to all actions of a Board of Zoning Appeals on amendments to zoning resolutions, and a PUD is an amendment to a zoning resolution.
 {¶ 18} The untabled motion became an adoption as of the date of the May 17, 2004 hearing.
 {¶ 19} R.C. 2506.01 governs appeals from decisions of any agency of any political subdivision and states as follows:
 {¶ 20} "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.
 {¶ 21} "* * *
 {¶ 22} "A `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."
 {¶ 23} Appellee was required to file an appeal of the Board's decision within thirty days. R.C. 2505.07. Appellee did not seek injunctive and declaratory relief until November 16, 2004; therefore, by failing to exhaust its administrative remedies, the action sub judice was not timely.
 {¶ 24} Upon review, we find the trial court's decision to grant injunctive and declaratory relief was in error. The original untabled PUD stands.
 {¶ 25} The sole assignment of error is granted.
 {¶ 26} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed.
Farmer, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed.