[Cite as *Burnett Rd. Assocs., L.L.C. v. Franklin Twp.*, 2018-Ohio-3842.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BURNETT ROAD ASSOCIATES, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-P-0054** |
| FRANKLIN TOWNSHIP, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00726.

Judgment: Affirmed.

*Michael R. Stavnicky* and *T. Christopher O'Connell,* Singerman, Mills, Desberg & Kauntz Co., 3333 Richmond Road, Suite 370, Beachwood, OH 44122 (For Plaintiff-Appellant).

*James F. Mathews* and *Tonya J. Rogers,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Burnett Road Associates, LLC, appeals from the judgment of the Portage County Court of Common Pleas, entering summary judgment in favor of appellees, Franklin Township, et al., and/or dismissing appellant's causes of action for lack of standing. For the reasons discussed in this opinion, we affirm.

{¶2} This action involves a dispute relating to the zoning classification of three parcels of property located at the edge of Franklin Township, Portage County, Ohio.

Appellant is the owner of the parcels; prior to the acquisition of the property, appellant's parent company, Richland Residential ("Richland"), submitted an application to rezone the subject property. Burnett purchased the property with the ostensible intent of developing student housing. The application requested that the three parcels be rezoned "medium density residential." The Portage County Regional Planning Commission reviewed the application and recommended a denial of the request, but recommended approval of an alternative proposal to rezone the parcels "mixed commercial residential." After multiple continuances, the Franklin Township Zoning Commission recommended approval of the alternative proposal to rezone the parcels "mixed commercial residential."

{¶3} After several public hearings, during which the Franklin Township Trustees considered the application, a final vote was taken in April 2016. Two trustees voted to deny the rezoning application and one trustee voted to approve. On or about June 1, 2016, the trustees received a letter from Richland notifying the Board of its position that the parcels had been rezoned because the Board had not voted unanimously to deny the application. Richland cited Section 204.13(D) of the Franklin Township Zoning Resolution, which provided: "In the event the Board of Trustees denies or modifies the recommendations of the Zoning Commission, the unanimous vote of the Board of Trustees is required."

{¶4} In response, the Board advised Richland that the majority vote was sufficient and the permit application was denied. In support, the Board cited R.C. 519.12(H), which provides: "If the board denies or modifies the commission's recommendations, a majority vote of the board shall be required."

2

**{¶5}** Martin Mehall, part owner and representative of both Richland and appellant, subsequently issued a letter to the Franklin Township Zoning Inspector, on behalf of appellant, seeking an independent determination of the parcels' zoning classification. Mr. Mehall later submitted an application for a conditional use permit for the subject property for the purpose of constructing a student-housing complex. The Inspector later notified Mr. Mehall that the request for a permit was denied because the proposed use was not a permitted conditional use for the parcels.

**{¶6}** Appellant appealed the denial of the permit to the Franklin Township Board of Zoning Appeals ("BZA") which considered the matter at a public hearing on August 1, 2016. Following appellant's presentation, the BZA determined it would not issue a decision on the conditional-use permit until the appropriate body had issued a ruling on the zoning classification of the subject property.

**{¶7}** Appellant filed the underlying complaint on August 9, 2016, which alleged four claims for relief. First, appellant sought declaratory judgment regarding the zoning classification of the property. Appellant further alleged it was entitled to appeal the Trustees' decision denying its application to rezone and requested the trial court to overturn the denial, based upon the language of the Franklin Township's Ordinance. Appellant next alleged the Franklin Township Zoning Ordinance is unconstitutional as to its property and requested the court rezone the property in order to authorize its building project. Finally, appellant alleged the Trustees acted in a discriminatory fashion insofar as their decision was, in appellant's view, an attempt to prohibit Section 8 housing.

**{¶8}** Both parties filed motions for summary judgment. On June 23, 2017, the trial court granted appellees' motion for summary judgment and denied appellant's

3

motion. The trial court expressly determined R.C. 519.12 controlled applications for rezoning and, as a result, only a majority vote denying Richland's application was required. It further determined appellant failed to carry its burden demonstrating the zoning classification was unconstitutional as applied. Finally, the court pointed out the original application was filed by Richland; as such, the court noted its "belief" that appellant was not the proper party in interest. This appeal follows.

{¶9} Appellant's first and second assignments of error provide:

{¶10} "[1.] The trial court erred in finding no standing.

{¶11} "[2.] The trial court erred in dismissing the complaint based on standing and failing to provide Burnett with an opportunity to cure."

{¶12} Appellant contends it has standing to bring the underlying action to the extent it was "directly affected" by the trustees' decision denying its application to rezone. *See Schomaeker v. First Natl. Bank of Ottawa,* 66 Ohio St.2d 304 (1981); *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24 (1992). Even though it did not file the initial application to rezone, appellant underscores it is the owner of the parcels and therefore has a direct stake in the outcome. Moreover, even if there was an issue regarding the "real party at issue," appellant argues the trial court erred in failing to afford it an opportunity to cure the defect.

{¶13} Preliminarily, it is not entirely clear the trial court dismissed the complaint on the issue of standing. The court did note, at the end of its judgment, it believed appellant was not the real party in interest because it did not file the rezoning application. The judgment, however, addresses the merits of the parties' substantive arguments and concludes appellees were entitled to *summary judgment*. In this

4

respect, the court's passing statement vis-à-vis the real party in interest appears to be more of a speculative musing than a dispositive dismissal of the complaint.

{¶14} Even if we were to treat the court's observations as dispositive, the cases cited by appellant in support of its position relate to administrative appeals filed pursuant to R.C. Chapter 2506. Although appellant's complaint, albeit ambiguously, purported to "appeal" the decision of the BZA, the BZA's "decision" was, in effect, no decision. Indeed, the language of the "ruling" states the BZA would "continue until the dispute over * * * parcels zoning is confirmed either R1/C1 or R3/C1 by governing jurisdiction." (Sic.) The BZA, therefore, did not issue a dispositive ruling. Thus, even if appellant had standing under the "directly-affected" test, any administrative appeal under R.C. Chapter 2506 is unripe.

{¶15} That said, it is undisputed that appellant was the owner of the parcels when the underlying declaratory judgment action was filed. R.C. 2721.03 authorizes declaratory relief regarding the interpretation of a statute, and states that "[a]ny person * * * whose rights, status, or other legal relations are affected by a * * * statute * * * [or] township resolution * * * may have determined any question of construction or validity arising under such * * * statute * * * [or] resolution." Appellant, therefore, does have a stake in the outcome of the issue of whether R.C. 519.12(H) or Franklin Township's Zoning Resolution Section 204.13(D) governed their procedure for denying the application. Moreover, it also has a direct stake in the outcome of its claim that the zoning resolution is unconstitutional as-applied under the circumstances. As we discern no issue as to appellant's standing, there was no need to permit it to cure any defect.

{¶16} Appellant's first and second assignments of error lack merit.

{¶17} Appellant's third assignment of error provides:

{¶18} "The trial court erred in granting appellee's motion for summary judgment."

{¶19} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers,* 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶20} Under this assigned error, appellant contends the trial court erred in finding a conflict between the local and state law. Appellant contends Franklin Township's law and the Revised Code's law on zoning votes do not conflict. The local law states that a unanimous vote rejects an amendment, while the state law provides that a majority vote is sufficient. Appellant asserts there is no conflict because Franklin Township's regulation does not legalize something prohibited by the Revised Code. In appellant's view, setting a different standard does not establish a conflict and thus, it maintains, it was entitled to judgment as a matter of law.

**{¶21}** In response, appellees contend the issue is not whether the Franklin Township Zoning Code is in conflict with the state statute. Appellees maintain the analysis does not reach the issue of conflict because the township does not possess the authority to enact more stringent procedures in the first instance. Because the local regulation exceeded the delegated authority of the enabling statute, appellees maintain the local regulation is unlawful. Hence, they maintain the trial court did not err in awarding summary judgment in their favor.

**{¶22}** A township's authority to enact zoning ordinances is neither inherent, nor is it constitutionally derived. It is a police power dependent upon on authority granted by the General Assembly, *Torok v. Jones*, 5 Ohio St.3d 31, 32 (1983), and may be exercised only to the extent power is statutorily delegated. *Bd. of Twp. Trustees of Bainbridge Twp. v. Funtime, Inc.*, 55 Ohio St.3d 106 (1990), paragraph one of the syllabus. A township regulation or rule that exceeds statutory limits is invalid and unenforceable. *Newbury Twp. Bd. of Trustees v. Lomak Petroleum*, 62 Ohio St.3d 387 (1992), paragraph one of the syllabus. Thus, for a zoning provision to be enforceable, it must be both within the boundaries of the enabling statutes and be properly enacted by the township.

**{¶23}** "The enabling statutes found in R.C. Chapter 519 are permissive only." *Superior Hauling, Inc. v. Allen Twp. Zoning Bd. Of Appeals*, 6th Dist. Ottawa No. OT-06-036, 2007-Ohio-3109, ¶18. That is, the statutes do not mandate a township to enact zoning regulation. *See* R.C. 519.02. Here, Franklin Township enacted zoning regulations. And the regulation at issue is more restrictive than the statutory procedure, requiring a unanimous vote of the trustees to deny a recommendation of the zoning

7

commission.  At issue is whether this regulation is enforceable in light of R.C. 519.12(H), which requires merely a majority of the trustees to deny such a recommendation.  We hold it is not.

{¶24}  The Supreme Court of Ohio, in *Mac Realty v. Comm. Indus. Enterprises*, 10 Ohio St.2d 227 (1967), addressed the issue of whether former R.C. 519.12(H), which required a unanimous vote of the trustees to deny the zoning commission's recommendation, was mandatory.  The Court answered this question in the affirmative, holding:

> {¶25}  The General Assembly created the conditions upon which a recommendation of the zoning commission could be denied; the failure to comply with such conditions does not leave the recommendation in a state of suspended animation but constitutes an adoption thereof. Therefore, the effect of the provision of Section 519.12, R.C. is that the failure of the Board of Trustees to vote unanimously to deny a recommendation of the township zoning commission results in an adoption of such recommendation.  *Mac Realty*, *supra*, at 229.

{¶26}  The Court determined, therefore, that the procedures set forth under R.C. 519.12 were mandatory and must be followed by the board of trustees.  Accordingly, once a zoning plan is approved, it may be amended only through specific statutorily-limited processes codified under R.C. 519.12.  *See Superior Hauling, Inc.*, *supra*.

{¶27}  Former R.C. 519.12(H) mirrored Franklin Township's current zoning regulations.  In 2008, however, the General Assembly, amended subsection (H) and changed the voting requirement for denying a zoning commission's recommendation from a unanimous vote to a majority vote.  The 2008 amendment evinces the General Assembly's clear intent to require only a majority vote.  Following the statements set forth in *Mac Realty*, it follows that current R.C. 519.12(H) is a mandatory provision,

8

which invalidates the unanimity voting requirement imposed by Franklin Township's regulations. Thus, the trial court did not err when it granted appellees' motion for summary judgment on this issue.

{¶28} The concurring judge, while apparently agreeing with the above analysis, uses this case as a platform to erroneously accuse this writer of inconsistently defining the word "shall." In *State ex rel. Flaiz v. MERSCORP*, 11th Dist. Geauga No. 2016-G-0079, 2017-Ohio-7126, this court, construing Ohio's recording statutes, determined the word "shall" related to the *mandatory* location where a holder of a mortgage or assignment *must* record the instrument to protect his or her interests. The issue in that case, therefore, was not the definition of the word "shall," but the actions to which the word applied. This court held that "shall" was not a mandate to record, but instead, if one elects to record, a mandate regarding where one records. The concurring judge's mischaracterization of the foregoing demonstrates either a lack of judicial temperament, an inability to grasp a relatively straightforward analysis, or both.

{¶29} Regardless, the concurring judge's harangue is nothing more than inaccurate surplusage that has no meaningful impact on the instant appeal. *See also Filby v. Filby*, 11th Dist. Geauga No. 2017-G-0142, 2018-Ohio-907 (concurring judge files essentially the same concurring opinion in a case where her observations were equally irrelevant and unnecessarily ill-tempered).

{¶30} Appellant's third assignment of error lacks merit.

{¶31} Appellant's fourth assignment of error provides:

{¶32} "The trial court erred in denying appellant's motion for summary judgment."

{¶33} Appellant alleges that, assuming the procedure for denying application for rezoning was proper, the Franklin Township Zoning Resolution is unconstitutional as applied to its property. It contends there was no legitimate governmental purpose to disallow development of its building project. Appellant contends the parcels are on "an essentially abandoned, deserted, dead-end street" and therefore the trustees' decision to deny the application was unreasonable and arbitrary.

{¶34} "Zoning ordinances are presumed constitutional." *Goldberg v. Richmond Hts.,* 81 Ohio St.3d 207, 209 (1998). "The party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate." *Id.* A zoning ordinance, however, will be struck down if a property owner challenging the ordinance proves, beyond fair debate, that the ordinance is "arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Id.* at 214.

{¶35} Appellant notes it is attempting to rezone the property from R-1 (Low Density Residential)/C-1 (Local Commercial District) to R-3/C-1 (Mixed Commercial Residential). In support of its position that the trustees' decision denying its application was arbitrary and unreasonable, it underscores that its proposal to build a student-housing complex does not conflict with, let alone negatively impact, the current character of the area. Moreover, its proposal will not substantially change the current zoning structure, i.e., it will remain both commercial and residential.

{¶36} Although appellant's proposed use does not ostensibly conflict with or upset the Township's zoning goals, the Supreme Court has observed that a party's

10

proposed use of land is not the focus of an as-applied challenge. In *Jaylin Invs., Inc. v. Vill. Of Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, the court held:

> **{¶37}** [I]n a constitutional analysis, the object of scrutiny is the government's action; therefore, the state or local law or regulation is the focal point of the analysis, not the property owner's proposed use. In an "as applied" challenge, the proposed use may be a relevant factor to be considered; however, the owner must also present evidence to overcome the presumption that the zoning is a valid exercise of the municipality's police powers, as it is applied to the property at issue. *Id.* at ¶2.

**{¶38}** In light of this point, the Court stated "[t]he analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property." *Id.* at ¶18. The Court further emphasized that if it were to modify the foregoing rule, "we would effectively eliminate the initial presumption that the zoning is constitutional. Opposing parties would merely argue over who presents the better use of the property." *Id.* at ¶21.

**{¶39}** Here, Mark Beckworth, a Franklin Township Trustee, averred the subject property is zoned R-1 because it conforms with existing uses in the neighboring vicinity, including the use of an adjoining parcel for a church. Moreover, Mr. Beckworth asserted the remaining portion of the property is zoned C-1 due to the Township's desire to direct future business and commercial development to the intersections along S.R. 261, the highway abutting the subject property. According to Samuel Abell, Franklin Township Zoning Inspector, the R-1 classification would permit appellant numerous alternative uses for the subject property, including residential uses, open space and recreational use, and community facilities. Further, Mr. Abell stated the C-1 classification would permit construction of administrate, executive, or clerical officers as well as grocery

11

stores or other retail establishments. According to Mr. Beckwith, the foregoing uses are consistent with other uses along the S.R. 261 business corridor that passes through Franklin Township.

{¶40} "The power of a municipality to * * * determine land-use policy is a legislative function which will not be interfered with by the courts, unless such power is exercised in such an arbitrary, confiscatory or unreasonable manner as to be in violation of constitutional guaranties." *Willott v. Beachwood,* 175 Ohio St. 557 (1964), paragraph three of the syllabus. "Municipal governing bodies are better qualified, because of their knowledge of the situation, to act upon these matters than are the courts." *Id..* at 560. In this matter, while appellant's proposed use might not undermine the health, safety, or morals of Franklin Township, appellees' reasons, not the least of which was consistency with other uses in the vicinity, for denying the application are not unreasonable. The legislative judgment underlying the enactment is substantially related to the general welfare of the community. Regardless of whether appellant's proposal is arguably a "better use" of the property in question, we hold the Franklin County Zoning Ordinance is not unconstitutional as applied to appellant.

{¶41} Appellant's fourth assignment of error is without merit.

{¶42} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

12

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

**{¶43}** I concur in the decision of this court to affirm the decision of the lower court.

**{¶44}** The writing judge in the present matter properly interprets R.C. 519.12(H) as a "mandatory provision" which "requires merely a majority of the trustees to deny * * * a recommendation [of the zoning commission]." *Supra* at ¶ 23. The mandatory nature of the provision, which the writing judge does not quote, is manifest by the use of the word "shall": "Within twenty days after its public hearing, the board of township trustees shall either adopt or deny the recommendations of the township zoning commission or adopt some modification of them. If the board denies or modifies the commission's recommendations, a majority vote of the board shall be required." R.C. 519.12(H).

**{¶45}** I write separately, however, because this court has not been consistent in its interpretation and application of the word "shall."

**{¶46}** In *State ex rel. Flaiz v. MERSCORP, Inc.*, 11th Dist. Geauga No. 2016-G-0079, 2017-Ohio-7126, the majority of this court failed to find the word "shall" had a mandatory nature. In that case, we applied R.C. 5301.25 and 5301.32, which require that pertinent documentation, "including mortgages and assignments '**shall be recorded**' in the office of the county recorder." *Id.* at ¶ 36 (Grendell, J., dissenting). As was explained in my dissenting opinion, the interpretation of the word "shall" could not be questioned, since the Ohio Supreme Court has repeatedly held that "shall" is to be "interpreted to make ***mandatory*** the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning."

13

(Emphasis added.)  *Id.*, citing *State v. Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 19, quoting *Lakewood v. Papadelis,* 32 Ohio St.3d 1, 3-4, 511 N.E.2d 1138 (1987); *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 16.[1]

{¶47} While the writing judge now recognizes the legally accurate and undisputable definition of "shall," by applying R.C. 519.12(H)'s mandatory requirement that the recommendations of the township zoning commission must be denied upon a majority vote of the trustees, such was not the case in *Flaiz*.  Instead, the majority there ignored the mandatory nature of the term "shall" and found that recordation was **allowed** but not **required**.  This was the opposite of the correct meaning of the word "shall" and the meaning now advanced by the writing judge in the present case.  The prior act of redefining the word "shall" created a situation in which this court is inconsistent in its interpretation and application of a basic statutory term.

{¶48}  As I explained in *Flaiz*, the majority's decision to hold that "'shall' does not really mean 'shall,' but rather means 'may,'" was an "'Alice through the Looking Glass' interpretation of the English language [that] will cause confusion when considering the many statutes that use the term 'shall.'"  *Id.* at ¶ 42.  That serious concern has now come to fruition.  Given the opinion here, it is necessary that, going forward, this court recognize the correct mandatory meaning of this term and use it appropriately in future

---

1. The writing judge is entitled to characterize the nature of the issue in *Flaiz* as she sees fit.  The fact remains that, despite the language of R.C. 5301.32 ("[t]he separate instrument of assignment * * * ***shall*** be recorded in the county recorder's official records") and R.C. 5301.25(A) ("[a]ll deeds * * * ***shall*** be recorded in the office of the county recorder of the county in which the premises are situated"), she held "R.C. 5301.25 and R.C. 5301.32 do not set forth a universal command that all mortgages and assignments be recorded."  *Flaiz*, 2017-Ohio-7126, at ¶ 24.

decisions. It is critical for this court to maintain consistency in its decisions, to provide guidance to appellants and attorneys.

{¶49} The writing judge, *supra* at ¶ 29, is mistaken. Pointing out the inconsistencies in our court's decisions is not "ill-tempered," "surplusage," or a "harangue." It is our judicial duty as appellate judges.

{¶50} The writing judge's failure to comprehend the serious implication of the majority's contradictory definitions of the word "shall" in this case versus the decision in *Flaiz* reflects judicial obstinance. It is inescapable that in *Flaiz* the majority held that the verb "shall" no longer meant a mandatory directive. Trying to now recast that decision or misdirect attention to the issue by insulting a fellow appellate judge will not change the unfortunate import of that ruling.

{¶51} Now, in this case, the majority correctly recognizes the word "shall" as meaning a mandatory directive. This inconsistency in legal analysis is straightforward to any unbiased eye, but creates uncertainty for litigants within our jurisdiction. This is not a mischaracterization, but simply a necessary straightforward analysis of inconsistent appellate decisions.

{¶52} Nothing written above should be construed as impugning this writing judge's judicial temperament or ability to grasp relatively straightforward analysis as such ad hominem attacks by the writing judge, *supra* at ¶ 28, are neither appropriate nor relevant to the legal issues under consideration.

{¶53} It should be recognized that judges, in the performance of their duties as judges, may reach different conclusions given the same set of facts. No amount of

vitriol or personal invective changes what was decided in *Flaiz* and what is decided herein.

{**¶54**}  For the foregoing reasons, I concur in judgment only.