[Cite as *State v. Clemens*, 2019-Ohio-895.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-18-032

       Appellee                                 Trial Court No. 2017-CR-371

v.

Jeffrey L. Clemens                            **DECISION AND JUDGMENT**

       Appellant                                Decided:  March 15, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, for appellee.

Jeffrey L. Clemens, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated, pro se appeal from a May 10, 2018 judgment of the

Erie County Court of Common Pleas, denying appellant's pro se, "Motion for Immediate

Relief From a Fraud Upon the Court."  For the reasons set forth below, this court affirms

the judgment of the trial court.

{¶ 2} Appellant, Jeffrey L Clemens, sets forth the following five assignments of error:

1. The lower court, despite the evidence put before it, erred in not recognizing or otherwise acknowledging that defense counsel, despite a notice of appearance, did not represent the defendant when said counsel met with the subject court in-chambers without the knowledge or permission of the defendant, an act facilitating what is tantamount to an unrecorded ex parte meeting between the prosecution and the court.

2. The lower court, despite the evidence put before it, erred in not recognizing or otherwise acknowledging that significant evidence exists showing that O.R.C. 2963's requirement that a defendant be substantially charged was not met.

3. The lower court, despite the evidence put before, erred in not recognizing or otherwise acknowledging that significant evidence exists showing that O.R.C. 2963's requirement that a defendant fled was not met.

4. The lower court, despite the evidence put before it, erred in not recognizing or otherwise acknowledging that significant evidence exists showing that O.R.C. 2963's requirement that extradition of the defendant is for a proper and lawful purpose was not met.

5. The lower court, despite the evidence put before, erred in not recognizing or otherwise acknowledging that a fraud occurred upon both the lower court and the office of governor, such fraud is not moot, the defendant was harmed and continues to be harmed, and remedy is due.

{¶ 3} The following undisputed facts are relevant to this appeal. On August 17, 2017, appellant was arrested in Erie County, Ohio, on an outstanding warrant and a request for extradition to the state of Massachusetts. On August 22, 2017, a trial court extradition hearing was scheduled. Appellant obtained legal counsel and requested release on bail pending an extradition decision.

{¶ 4} On August 23, 2017, appellant appeared before the trial court with counsel and affirmed to the trial court that he was the party being sought in the request for extradition by the state of Massachusetts. Appellant did not waive extradition and requested leave to file a writ of habeas corpus. Appellant was taken into custody pending the outcome of the request for extradition.

{¶ 5} Subsequently, despite being represented by legal counsel, appellant and his brother began filing a substantial volume of pro se pleadings demanding appellant's release and setting forth numerous unilateral allegations and demands. On September 9, 2017, appellant's counsel requested leave of the court to withdraw given, "an irreparable breakdown in the attorney-client relationship."

3.

{¶ 6} In the interim, appellant continued submitting unsupported pro se filings setting forth sweeping allegations of misconduct on the part of numerous public officials and perceived conspiracies against appellant.

{¶ 7} On September 25, 2017, the trial court conducted the pending extradition hearing. On September 26, 2017, the request by the state of Massachusetts that appellant be extradited to them was granted.

{¶ 8} Appellant continued filing a considerable volume of pro se pleadings setting forth broad allegations of systemic misconduct and conspiracies against appellant allegedly being orchestrated by multiple public servants and officials. The record is devoid of any objective evidence in support of appellant's claims.

{¶ 9} On April 4, 2018, appellant filed a pro se, "Motion for Immediate Relief from a Fraud upon the Court." The motion set forth claims of unlawful conduct by various public officials in connection to appellant's extradition. On May 10, 2018, the motion was denied. This appeal ensued.

{¶ 10} We note that all of the assignments of error are premised upon the claim that the trial court erred in denying appellant's April 4, 2018 pro se motion. Accordingly, the assignments will be considered simultaneously.

{¶ 11} The trial court judgment from which this case arises is reviewed pursuant to the abuse of discretion standard of review. It is axiomatic that the demonstration of an abuse of discretion requires more than showing a mere error of law or judgment. It

4.

requires establishing that the trial court's action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E. 2d 1140 (1983).

{¶ 12} In conjunction with the above, we further note that appellant declined to submit a transcript of the trial court proceedings related to this matter.

{¶ 13} We have reviewed and considered appellant's pro se memorandum in support of this appeal. We find that appellant's arguments on appeal are not rooted in relevant, objective legal analysis, but rather, from appellant's subjective perceptions of being the target of a widespread conspiracy encompassing multiple public officials, offices, and agencies.

{¶ 14} For example, appellant unilaterally proclaims, "Both Clemens and the public are seriously harmed by a clandestine event and all three participants - counsel, prosecutor and court - should and must be held to account * * * it is clear from the record that a habeas corpus filing was subverted as well."

{¶ 15} Appellant proceeds to subjectively determine and proclaim his innocence in the Massachusetts events which led to appellant's extradition from Ohio by pronouncing, "Nor does, in any case, asking a question, '[W]ho called the cops on me?', and repeating it, even over and over [to public servants in their workplace], constitute criminal conduct. There is not a crime laid out in the paperwork presented by the Massachusetts authorities; Scituate Police, Plymouth County and [the] Massachusetts Attorney General's Office."

5.

{¶ 16} Appellant concludes on his own behalf in connection to the Massachusetts matter, "It is simple. There was no unlawful conduct * * * these are phantom gestures borne of an intent to trump up an eventual intimidation charge."

{¶ 17} Appellant's conspiratorial allegations, setting forth subjective perceptions of widespread collusion targeting appellant by public officials across the spectrum, are reflected in appellant's proclamation, "Therein is the tragedy, the utter tyranny, the absolute disregard and contempt that the Scituate Police and Hingham District Court have had for the constitutional rights of [appellant]. Frankmann, it is suspected, can help prove a police cover-up dating to May 2005."

{¶ 18} The lack of merit of the case is evidenced when appellant states, "This appeal is not so much a legal proceeding as it is a mandate calling for official inquiry * * * into the actions of local counsel and prosecutors * * * and Massachusetts authorities. This appeal is not about legal remedy."

{¶ 19} It is well-established that the proper scope and role of appellate courts in the state of Ohio does not include engaging in speculative expeditions in search of legitimate and convincing legal arguments and positions in favor of either party to an appeal.

{¶ 20} As succinctly conveyed by the Ohio Supreme Court in *Risner v. Ohio Dept. of Natural Res.*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 715, ¶ 28, "[W]e are not obligated to search the record or formulate legal arguments on behalf of the parties, because *appellate courts do not sit as self-directed boards of legal inquiry and research,*

*but [preside] essentially as arbiters of legal questions presented and argued by the parties before them.*"  (Emphasis added).

**{¶ 21}** We find that appellant has failed to submit objective, relevant or convincing evidence in support of this appeal.  On the contrary, appellant's arguments on appeal are comprised of subjective and unsupported assertions of appellant being unlawfully treated by various public officials, and by appellant's subjective belief that he committed no criminal offense so as to warrant extradition.

**{¶ 22}** We find that appellant has failed to demonstrate that the trial court's denial of appellant's pro se motion alleging a fraud upon the court in connection to appellant's extradition from Ohio to Massachusetts was unreasonable, arbitrary or unconscionable.

**{¶ 23}** On consideration whereof, we find appellant's assignments of error not well-taken.  The judgment of the Erie County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

7.

Thomas J. Osowik, J.                                       _____
                                                                             JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                                    _____
CONCUR.                                                                   JUDGE

                                                                             _____
                                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.