[Cite as *State v. Lacy*, 2022-Ohio-2978.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                    Court of Appeals No.  H-21-019

Appellee                                         Trial Court No. CRI20210463

v.

Gary L. Lacy                                     **DECISION AND JUDGMENT**

Appellant                                        Decided:  August 26, 2022

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, for appellee.

Gary L. Lacy, Pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 19, 2021 judgment of the Huron County

Court of Common Pleas, denying appellant's November 15, 2021 pro se motion to

withdraw his November 1, 2021 guilty plea, entered by and through appointed counsel,

on one count of possession of fentanyl, in violation of R.C. 2925.11, a felony of the fifth

degree. For the reasons set forth below, this court dismisses the appeal and affirms the judgment of the trial court.

{¶ 2} For purposes of context, we note that the entirety of the underlying November 15, 2021 motion to withdraw stated, "There is no evidence of the record."

{¶ 3} On appeal to this court, appellant, Gary L. Lacy, sets forth no assignments of error, as required by App.R. 16(A)(3). In conjunction, appellant fails to cite any legal authority or any facts from the record of evidence, as required by App.R. 16(A)(7).

{¶ 4} Rather, appellant submits the following two matters, captioned as "issues":

[Crim.R. 11] does not properly govern the statute under which appellant is convicted.

[Crim.R. 32.1] does not provide proper relief.

{¶ 5} Appellant's brief submitted in support of this appeal presents no statement of facts, no procedural case history, no references to the record of evidence, and cites no legal authority.

{¶ 6} In response, appellee succinctly maintains, "*Appellant's assignments of error [are] both incoherent complaints of Ohio jurisprudence in the broadest sense. Further, the appellant has applied no facts from the record * * * [J]ustice would be served by a dismissal of appellant's appeal.*" (Emphasis added). We concur.

{¶ 7} In support of this appeal, appellant presents a series of broad, baffling statements.

2.

**{¶ 8}** Illustrative of the imperceptible content of this appeal, appellant states, "Rules of Criminal Procedure are improper and are not directly expressed to govern a criminal action or prosecution by grand jury indictment."

**{¶ 9}** Similarly, appellant declares, "Justice is not relied upon by prejudice, or unequal conditions * * * the common pleas court of conviction is a constitutionally created court of law, not justice."

**{¶ 10}** Appellant further conveys, "Appellee makes a big ado [sic] that appellant failed to cited [sic] case laws [sic] in support."

**{¶ 11}** In providing guidance to appellate courts faced with amorphous matters such as that presented in the instant case, the Ohio Supreme Court has established that appellate courts, "[A]re not obligated to search the record or formulate legal arguments on behalf of the parties." *Risner v. Ohio Dept. of Nat. Res., Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 28.

**{¶ 12}** In accord with *Risner*, this court has previously held in response to appeals that similarly failed to present supporting legal authority or cite to any facts from the record, "Indeed, under the Rules of Appellate Procedure, [appellant] must establish each assigned error through an argument supported by citations to legal authorities and facts in the record. App.R. 16(A)(7). *If an appellant fails to advance such an argument, a Court of Appeals may disregard the assignment of error. App.R. 12(A)(2).*" (Emphasis added). *State v. Boles*, 6th Dist. Lucas No. L-19-1080, 2021-Ohio-363, ¶ 23.

3.

{¶ 13} We find that the record reflects that appellant has failed to present cognizable assignments of error for our review, in contravention of App.R. 16(A)(3). We further find that the record reflects that appellant has failed to present any statement of the case describing the nature of the case, the course of proceedings, or a statement of facts relevant to assignments of error presented for review, with references to the record, in contravention of App.R. 16(A)(5) and (6). Lastly, we find that the record reflects that appellant has failed to present any citation to legal authority or to the record of evidence in support of this appeal, in contravention of App.R. 16(A)(7).

{¶ 14} As noted above, App.R. 12(A)(2) establishes that, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 15} Although appellant in the instant case has presented no assignments of error for our review, in the interest of judicial economy, we shall construe the two above-quoted statements captioned as "issues" to be assignments of error for purposes of the disposition of this appeal.

{¶ 16} Accordingly, based upon the foregoing, we find that appellant's assignments of error in the instant appeal failed to adhere to App.R. 16(A) on each of the grounds enumerated in detail above. As such, pursuant to App.R. 12(A)(2), and in

4.

accord with *Risner* and *Boles*, we hereby disregard both assignments of error, and dismiss this appeal.

{¶ 17} On consideration whereof, the judgment of the Huron County Court of Common Pleas is hereby affirmed. Appellant's motion for leave to file a reply addendum is denied as moot. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
              JUDGE

Thomas J. Osowik, J.

             _____
Myron C. Duhart, P.J.       JUDGE
CONCUR.

             _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.